Lyusya **KARP**, Plaintiff,

v.

Richard **SCHWEIKER**, Secretary of Health and Human Services, Defendant.

Civ. No. C–81–2093 SW.

United States District Court, N. D. California.

April 26, 1982.

218

Rodney H. Hamblin, U. S. Atty., Amanda Metcalf, Asst. U. S. Atty., San Francisco, Cal., for defendant.

John MacMorris, Langer, Murray & Mac-Morris, San Francisco, Cal., for plaintiff.

## ORDER OF REMAND

SPENCER WILLIAMS, District Judge.

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Secretary of Health and Human Resources denying her claim for disability benefits under 42 U.S.C. § 1381a. Pursuant to the special order governing Social Security review cases, this matter has been submitted without oral argument on cross-motions for summary judgment.

Plaintiff, a 57 year old woman who speaks and writes only Russian, contends that she has been continuously disabled since late 1979 when she arrived in this country. She was diagnosed as suffering from hypertension, angina, diabetes, and an hysterical personality.

Mrs. Karp's work history shows over 28 years of employment at a plastics factory in Russia. She did both machine assembly and quality control work.

## STANDARD OF REVIEW

The factual determinations of the Secretary may be upset only if they are not supported by "substantial evidence." Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). The court must consider the record as a whole and not merely

the evidence tending to support a particular finding. *Cox v. Califano*, 587 F.2d 988, 990 (9th Cir. 1978). While in general, the court's task is limited to reviewing the Administrative Law Judge's (ALJ) factual findings to decide whether they are supported by substantial evidence, the court must also inquire as to whether the ALJ applied the proper legal standards in weighing the evidence and making the decision. *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968).

FINDINGS

1. The administrative record contains the reports of four doctors, only two of whom had personally examined the plaintiff. These two expressed serious doubt as to her ability to perform any job. Two other doctors, relying solely on clinical reports from hospitals that the plaintiff has visited, concluded that the plaintiff was indeed capable of performing light work.

■ The opinion of non-examining doctors cannot serve as substantial evidence to support a finding of non-disability. *Hayes v. Gardner*, 376 F.2d 517, 520–21 (4th Cir. 1967).

> Written medical reports seldom provide a medical witness the opportunity to fully develop the over-all physical or mental condition of a claimant and therefore the evidence is sometimes cryptic and without sufficient detail or opinion for a trier of fact to be able to reach a fair conclusion.

*Landess v. Weinberger*, 490 F.2d 1187, 1189 (8th Cir. 1974). In relying on the rather brief and somewhat conclusory evaluation sheets of Drs. Bartlett and Simko, the ALJ apparently discounted the opinions of Drs. Meadow and Goldschlager, both of whom had personally examined Mrs. Karp. At a minimum, the ALJ has a duty to explain his reasons for rejecting the opinions of those doctors who have examined the claimant, and to view the reports of the non-examining doctors with some suspicion. Reports of non-examining doctors are "unpersuasive and do not constitute substantial evidence

supporting the finding of non-disability." *Smith v. Weinberger*, 356 F.Supp. 954, 957 (C.D.Cal.1973).

■ 2. While it is true that the Secretary need not accept a claimant's subjective complaints alone as establishing a disability entitling her to benefits under the Act, the courts have insisted that such complaints be accorded great weight. *Stewart v. Harris*, 509 F.Supp. 31, 33 (N.D.Cal.1980). Here, Mrs. Karp complains of constant dizziness, and states that she has blacked out and fallen several times. The ALJ determined that she was exaggerating her symptoms and that her complaints regarding her depression and other impairments were "not considered to be credible." However, these complaints were uncontradicted by the claimant's medical record, and were sworn to not only by Mrs. Karp herself but by her son-in-law, Alexander Liverant.[1]

■ It is unclear on what basis the ALJ reached his conclusion that the claimant lacked credibility. The claimant speaks only Russian, and an interpreter was required to translate the ALJ's questions and Mrs. Karp's responses. The translation may well have affected the impact of the plaintiff's testimony. In addition, the record indicates that Mrs. Karp was on medication during part of the hearing. This too may have affected her credibility. The mere fact that Mrs. Karp's testimony may have been self-serving is not in itself sufficient grounds to discount its truth. *See Stuart v. Califano*, 443 F.Supp. 842 (W.D. Mo.1978). At a minimum, the ALJ must fully articulate his reasons for rejecting claims based on the plaintiff's subjective complaints. *Stewart v. Harris*, 509 F.Supp. 31, 33 (N.D.Cal.1980).

■ 3. In the instant case, the ALJ remarked that the record revealed "no definite medically determinable impairment that would account for the claimant's episodes of dizziness and falling." (Hearing Tr. at 6) He further noted that there was no documentation of concrete medical prob-

---

1. Nowhere in the record does the ALJ indicate why he considered Mr. Liverant's testimony not credible, nor whether he considered his testimony at all.

lems using acceptable diagnostic techniques. While it is certainly true that the Act requires that subjective symptoms of pain be supported by clinical and laboratory diagnostic techniques, there is ample record supporting Mrs. Karp's condition. Both doctors' reports and medical records substantiate the existence of numerous serious medical problems which could easily cause pain of the magnitude claimed by the plaintiff. None of the reporting doctors suggested that Mrs. Karp might be exaggerating her symptoms. At least one of her diagnoses could be responsible for her recurrent dizzy spells. As the court noted in *Flake v. Gardner*, 399 F.2d 532, 540–41 (9th Cir. 1968):

> Not all subjective complaints of a patient are accepted by a doctor. But one skilled in the art may well be able, by medically acceptable clinical techniques, to sort them out, to decide which to believe and to make a diagnosis accordingly. In this case, several doctors, in spite of a lack of 'objective' symptoms, believed [the claimant's] complaints and came to a diagnosis on that basis.

It may not be possible to prove that the claimant suffers from the symptoms she alleges; however, such proof is not required. Rather it is sufficient that clinical tests establish the existence of medical conditions sufficiently serious so as to be capable of causing the pain and dizziness alleged by Mrs. Karp.

■ 4. In evaluating whether a particular claimant is capable of engaging in any gainful activity it is essential that the Secretary view the individual as a whole. It is unrealistic to view concurrent disabilities as isolated from one another. Each illness, standing alone and measured in the abstract, may not be disabling. But disability claimants are not to be evaluated as having several hypothetical and isolated illnesses. "These claimants are real people and entitled to have their disabilities measured in terms of their total physiological well-being." *Landess v. Weinberger*, 490 F.2d 1187, 1190 (8th Cir. 1974).

■ While the ALJ did conclude that the record did not establish an impairment, either singly or in combination, of sufficient severity to prevent the claimant from performing past relevant work, he failed to make specific and well-articulated findings as to the effect of the combination of Mrs. Karp's impairments, as required by law. *Stewart v. Harris*, 509 F.Supp. 31, 35 (N.D. Cal.1980). Moreover, nowhere is there any evidence that the ALJ considered the effect of Mrs. Karp's age, education, and inability to communicate in English on her ability to procure gainful employment. The Social Security Act specifically provides for consideration of the claimant's age, education, work experience, and emotional well-being in determining eligibility for disability payments under the Act. *See* 20 C.F.R. § 404.1502. This circuit has held that failure to consider language barriers in conjunction with the claimant's physical problems is an error of law, even in cases where those physical problems do not themselves amount to a disability as defined by the Act. *Benitez v. Califano*, 573 F.2d 653 (9th Cir. 1978).

## CONCLUSION

Having analyzed the evidence presented to the ALJ and the conclusions reached by the Secretary, it is the opinion of the court that this matter be remanded for further administrative proceedings to determine whether there is substantial evidence apart from the reports of the non-examining doctors to support the ALJ's decision.

Therefore,

IT IS HEREBY ORDERED that both parties' motions for summary judgment be denied and that the case be remanded to the Secretary for the taking of further findings to determine whether the claimant's alleged refusal to accept certain treatments and submit to various diagnostic tests served to exacerbate her disability so as to bring her within the coverage of the Act.

IT IS FURTHER ORDERED that the Secretary reconsider its denial of benefits in light of claimant's language ability, education, and age, as well as her physical and mental state.

IT IS SO ORDERED.