**Marilyn B. DUNS, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**No. C–83–4040 EFL.**

United States District Court, N.D. California.

April 4, 1984.

Legal Aid Society of Marin County, San Francisco, Cal., for plaintiff.

Sandra L. Willis, Asst. U.S. Atty., San Francisco, Cal., for defendant.

## ORDER

LYNCH, District Judge.

This is an action brought by claimant under section 205(g) of the Social Security Act as amended (42 U.S.C. § 405(g)), to review the final decision of the Secretary of Health and Human Services denying claimant's application for disability benefits. This matter is before the Court on the parties' cross-motions for summary judgment.

### Procedural History

Claimant Marilyn Duns initially filed for disability benefits on March 28, 1979 and was denied by hearing dated February 6, 1980. On June 12, 1981 claimant filed another application for benefits. After being denied initially and on reconsideration, claimant was granted a hearing before an Administrative Law Judge (ALJ), who heard the case *de novo* on January 26, 1983. Claimant appeared unrepresented by counsel and responded to questioning by the ALJ. On March 31, 1983 the ALJ issued a written decision finding that claim-

ant was entitled to a closed period of disability from February 7, 1980 to October 31, 1981. The ALJ determined that claimant was not disabled under the Act from August 21, 1981. This decision became the final decision of the Secretary on July 12, 1983 when it was approved by the Appeals Council. On September 2, 1983, the Appeals Council affirmed its previous decision after consideration of additional medical evidence submitted by claimant.

Claimant then, in timely fashion, commenced the instant action pursuant to 42 U.S.C. section 405(g) seeking this Court's review of the ALJ's findings.

### Statement of Facts

Claimant is a 51 year old woman with a high school education. She worked as a secretary until August 1978 when she quit her employment due to severe back pain. Claimant was examined by Dr. Robert Blum, a neurological surgeon, in September, 1980 and in November of that year underwent a lumbar laminectomy and discectomy performed by Dr. Blum to correct a herniated disc at L-4 and L-5. Claimant reported improvement in her condition to Dr. Blum immediately after surgery but continued to complain of low back pain in the months following the laminectomy. Claimant also reported suffering from numerous other ailments during that time including shingles and dental problems.

In August 1981, claimant was evaluated by Dr. M.M. Berk. Dr. Berk found that the claimant had low back pain, suffered from hypertension, was obese and showed signs of chronic liver disease. In January 1983 claimant was examined by Dr. Filmore Rodich, her treating physician since 1974, who concluded that Ms. Duns was disabled due to hypertension, menopausal problems, diaphragmatic hernia, dental sepsis and, especially, low back pain. Claimant was also examined by Dr. Paul Davidson, a specialist in arthritis, on April 18, 1983. Dr. Davidson found that claimant had tendonitis combined with low back syndrome.

After reviewing the evidence at claimant's hearing, the ALJ made the following findings and conclusions:

1. The claimant met the special earnings requirement of the Act on September 1, 1978, the date the claimant stated she became unable to work, and continues to meet said special test through the date of this decision;

2. The claimant has not engaged in any substantial gainful activity since September 1, 1978;

3. The prior February 6, 1980 decision has become final and binding and res judicata;

4. The claimant's low back impairment met the standards of the Listing of Impairments found at 20 C.F.R. 404, Subpart P, Appendix 1, Section 1.05C from February 7, 1980 through August 20, 1981;

5. The claimant's surgery was successful and the claimant's disability ceased in August 1981;

6. The claimant has a past relevant work history as a receptionist/secretary;

7. The claimant could return to her past relevant work as of August 21, 1981;

8. The claimant was under a disability as defined in the Social Security Act from February 7, 1980 through August 20, 1981 (20 C.F.R. 404.1520(d), (e) and (f));

9. As of August 21, 1981, the claimant's back impairment was non-severe according to criteria found at SSR 82–55, Section 1c;

10. The claimant is entitled to a closed period of disability from February 7, 1980 through October 31, 1981, the second month following the month of disability cessation;

11. Claimant's physical status has not been of "disabling" severity at any time since August 1981 and through the date of this decision.

### Issues

Three issues are presently before this Court: first, whether there is "substantial evidence" to support the final decision of the Secretary that the claimant was not disabled since August 1981, *Thompson v. Schweiker*, 665 F.2d 936 (9th Cir.1982); second, whether the ALJ in the absence of counsel for the claimant "scrupulously and conscientiously" explored all the relevant facts so as to ensure a full and fair hearing for the claimant, *Cox v. Califano*, 587 F.2d 988 (9th Cir.1978); third, whether claimant in the absence of a clear administrative determination of the issue is entitled to a decision by the Secretary regarding her petition to reopen her 1979 claim for disability benefits.

### Discussion

#### I. *Lack of "substantial evidence"*

An individual claiming disability benefits must demonstrate that she is unable to "engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Once a claimant has established that a disability precludes her from performing her past work, she has made out a prima facie case for an award of benefits. The burden then shifts to the Secretary to prove that there is some other type of substantial work which exists in the national economy which the claimant can perform. *Thompson v. Schweiker*, 665 F.2d at 939.

■ The ALJ found both that claimant's impairment was non-severe and that she could return to her former work. These findings indicate that claimant did not make a prima facie showing of disability. For the following reasons this Court concludes that the ALJ's decision is not supported by "substantial evidence":

1. The opinion of claimant's treating physician was not accorded its proper weight.

2. Claimant's subjective complaints of pain were not sufficiently credited by the ALJ.

3. Claimant's ability to perform basic work activities and her residual capacity to return to her past work were not sufficiently supported by any findings in the medical or hearing record.

**A. Weight given to opinion of treating physician**

▮▮▮ The medical opinion of a claimant's treating physician is entitled to great weight. *Murray v. Heckler*, 722 F.2d 499 (9th Cir.1983). If the ALJ wishes to disregard the opinion of the treating physician, he or she must give specific reasons based on substantial evidence for doing so. *Id.* When an expert's opinion about claimant's disability is uncontradicted the ALJ must give clear and convincing reasons for rejecting it. *Day v. Weinberger*, 522 F.2d 1154 (9th Cir.1975).

In the instant case, the ALJ granted claimant a closed period of disability from February 7, 1980 to October 31, 1981. Relying heavily on an examination performed by Dr. Berk, an evaluating physician who saw claimant only once, the ALJ found that she could return to her past work on August 21, 1981, the day after Dr. Berk's examination. The ALJ also specifically rejected Dr. Rodich's conclusion that claimant was disabled as meaningless, stating, "Under the law we pay no attention to that [Rodich's report]." [TR:186.]

Review of the medical evidence does not support the ALJ's conclusions. Dr. Berk reported that claimant suffered from low back pain on the basis of his own observations, as well as claimant's subjective complaints. [TR:160–161.] He did not express an opinion as to claimant's disability nor did he make any findings as to claimant's capacity to do basic work activities. Dr. Berk's report did not mention any significant improvements in claimant's condition nor did it contradict the findings of Dr. Blum, claimant's surgeon. On the other hand, Dr. Rodich, claimant's long time treating physician, expressly found Ms. Duns to be disabled. In fact Dr. Rodich

was the only physician to express an opinion as to claimant's disability.

▮▮▮ The ALJ does not give any clear and convincing reasons for rejecting Dr. Rodich's opinion. The only reason given by the ALJ for rejecting Dr. Rodich's opinion is that it is conclusory and should therefore not be taken into account. The ALJ misstates the law. A medical expert's opinion is not rendered meaningless because it is shaped in conclusory form. *Stewart v. Harris*, 509 F.Supp. 31 (N.D.Cal.1980). A doctor's opinion as to the total significance of the facts of claimant's condition may be considered even though it goes to the ultimate question before the trier of fact. *Id.* at 34.

**B. Findings concerning claimant's subjective complaints of pain**

▮▮▮ An ALJ must make a specific finding regarding the credibility of claimant's allegation of pain. *Murray v. Heckler*, 722 F.2d at 502. Subjective complaints of pain are only one factor in determining disability but they should be given great weight. *Karp v. Schweiker*, 539 F.Supp. 217 (N.D.Cal.1982). Pain symptoms must be supported by clinical and laboratory diagnostic techniques. *Id.* at 220.

Here the ALJ acknowledged that claimant exhibited pain post-operatively and that her symptoms were confirmed by special testing. [TR:20.] After noting how Dr. Berk's examination demonstrated that she had improved significantly, the ALJ goes on to say that "claimant's appearance, demeanor and testimony were indicative a great secondary gain for disability status" (*sic*). He further found that "claimant appears to overreact to many of her ills .... the description of her post operative low back syndrome does not appear to follow an anatomic nerve root configuration." [TR:20.]

▮▮▮ Once again we do not find the ALJ's reasoning to be persuasive. The ALJ is certainly not a medical expert and his opinion as to whether claimant's pain follows an anatomic nerve root should be

disregarded. Claimant's pain symptoms abated only slightly after the laminectomy and every doctor's report, including Dr. Davidson's in 1983, confirms this pain, either through Ms. Duns' subjective complaints or by objective observation. Dr. Blum's report of Nov. 6, 1980 indicates that a laminectomy is not always successful and that there is a possibility of continuing pain even after the operation has been performed. [TR:139.] Although claimant's pain may be difficult or impossible to prove, "it is sufficient that clinical tests establish the existence of medical conditions sufficiently serious so as to be capable of causing the pain." *Karp*, 539 F.Supp. at 220.

C. Non-severity of impairment and ability to return to past work

■ A non-severe impairment is defined in the Social Security Administration's regulations as one that "does not significantly limit your physical or mental abilities to do basic work activities." 20 C.F.R. § 404.-1521(a). Claimant must be "virtually unrestricted" in her ability to perform this work to be found not disabled. *Davis v. Schweiker*, 536 F.Supp. 90, 99 (N.D.Cal. 1982).

There is some indication that the ALJ attempted to garner testimony from Ms. Duns regarding her ability to do some of the basic work activities such as sitting and standing. [TR:200–201.] Claimant's testimony does not indicate, however, that she would be unrestricted in her ability to sit for a full work day. There are no expert medical findings as to her ability to do this either.

■ The ALJ's findings as to claimant's ability to return to her past work are deficient in a similar manner. A determination that claimant can perform past relevant work requires a careful evaluation of the skills and functions performed in past work and whether or not the claimant can still perform them in a significant way. *Wallschlaeger v. Schweiker*, 705 F.2d 191 (7th Cir.1983). In order for claimant to perform her past secretarial work she must

be able to sit. There is no medical evidence as to whether she can sit for a full day's work nor is claimant's testimony supportive of the ALJ's conclusion that she can.

## II. *Lack of counsel*

■ Although claimant has a statutory right to counsel at her hearing, she may waive that right and elect to proceed without counsel. *Ware v. Schweiker*, 651 F.2d 408 (5th Cir.), *cert. denied*, 455 U.S. 912, 102 S.Ct. 1263, 71 L.Ed.2d 452 (1982). Waiver of the right to counsel, however, must be knowing and intelligent. *Floyd v. Schweiker*, 550 F.Supp. 863 (N.D.Ill.1982). It is a close question in this case as to whether claimant voluntarily waived her right to counsel. Examination of the colloquy between claimant and the ALJ [TR:187–189] indicates that claimant was expressing an inability to obtain counsel rather than a desire to proceed without one. See, *e.g.*, *Cowart v. Schweiker*, 662 F.2d 731 (11th Cir.1981) (claimant had not voluntarily waived counsel at hearing because she could not obtain free public counsel).

■ But whether or not there was a knowing and intelligent waiver, the real issue is whether, in the absence of counsel, the ALJ met his heightened duty to "conscientiously and scrupulously probe into, inquire of, and explore all the relevant facts" at the hearing so as to protect the claimant's interest. *Vidal v. Harris*, 637 F.2d 710, 713 (9th Cir.1981). If claimant can demonstrate prejudice or unfairness as a result of the ALJ's failure to fully and fairly develop the record the decision may be set aside. *Id.* at 713.

■ This Court concludes that the ALJ did not meet his heightened duty and that claimant was prejudiced by lack of counsel at the hearing. The ALJ failed to investigate the extent of claimant's limitations on her ability to do basic work activities, particularly her capacity to sit, lift, squat or bend. A more conscientious inquiry into these areas is necessary to determine whether claimant's impairment is severe

and whether she had the residual functional capacity to perform past work.

### III. *Reopening of the prior claim*

Ms. Duns originally filed for disability benefits on March 28, 1979 but was denied after a hearing conducted on February 6, 1980. She sought no further review of that decision. On May 13, 1983, shortly after ALJ Hodes issued his decision in claimant's instant disability application, claimant wrote ALJ Manion (the hearing examiner in the 1979 application) to petition to reopen her original claim. [TR:12.] ALJ Manion made no determination as to the merits of her request and forwarded it to the Appeals Council. [TR:12.] The Appeals Council then informed claimant by letter that "the decision dated March 31, 1983 stands as the final decision of the Secretary on your application dated June 12, 1981." [TR:4.] The letter did not mention claimant's original 1979 application nor did it mention whether the Appeals Council had made any decision about reopening that prior application.

 It is clear that barring a constitutional claim this Court has no authority to review the Secretary's discretionary decision to refuse to reopen an old claim. *Califano v. Sanders*, 430 U.S. 99, 108, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977). In this case, however, the Secretary has not rendered an opinion as to whether claimant may reopen her 1979 application. In effect, the Secretary has not exercised her discretion. Claimant has a right to have her petition considered and responded to by the Secretary. *Nicholson v. Finch*, 311 F.Supp. 614 (D.Mont.1970). We therefore remand to the Secretary claimant's request to reopen her 1979 application and instruct the Secretary to exercise her discretion and render a decision.

### Conclusion

The Court concludes that there is a lack of "substantial evidence" to support the decision of the Secretary to deny claimant's application for disability benefits from August 21, 1981. The Court also finds that claimant was prejudiced by not having counsel to represent her at the hearing. We therefore remand to the Secretary to conduct a rehearing.

The hearing should be scheduled so that claimant may make arrangements to be represented by counsel. At the hearing specific evidence should be developed concerning claimant's ability to do basic work activities and her capacity to perform her past secretarial work. Additional medical evaluation including specific findings concerning claimant's ability to sit, bend and lift for a full work day would be most helpful.

The case is also remanded for consideration and determination of claimant's request to reopen her 1979 application for benefits.

The parties' cross-motions for summary judgment are hereby denied.

IT IS SO ORDERED.