**Robert JONES, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**No. C-84-0605 EFL.**

United States District Court, N.D. California.

Oct. 26, 1984.

Kim Malcheski, Malcheski, Parker & Randolph, San Francisco, Cal., for plaintiff.

George C. Stoll, Asst. U.S. Atty., San Francisco, Cal., for defendant.

MEMORANDUM DECISION

LYNCH, District Judge.

Claimant brought this action, pursuant to sections 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), to review the final decision of the Secretary of Health and Human Servic-

es ("Secretary") denying claimant's application for disability benefits. This matter is before the Court on claimant's motion for summary judgment or remand, and defendant's cross-motion for summary judgment.

On May 29, 1981, claimant filed applications for disability insurance benefits and supplemental security income benefits (TR: 71–74, 82–83). The applications were denied initially and on reconsideration by the Social Security Administration. On July 8, 1983 the Administrative Law Judge ("ALJ") issued a written decision affirming the Secretary's denial of benefits. The ALJ's decision became the final decision of the Secretary when it was approved by the Appeals Council on January 20, 1984.

### STATEMENT OF FACTS

Claimant was born on June 24, 1934. From 1957 to 1978 he held a number of different positions, including assistant foreman of shipping and receiving at Blue Ribbon Coffee Company, and order filler, coffee roaster, and forklift operator at Superior Coffee Company.

Mr. Jones' physiological problems are the result of two serious accidents. In 1977, he suffered a slipped disc at work when he lost his balance while lifting. His physician prescribed drug and physical therapy in lieu of surgical treatment. As a result of this injury, Mr. Jones did not work between October 1977 and May 1978. He returned to work briefly in May 1978 but left after two months because of continuing disabling pain. The claimant's second accident, in May 1981, was in an automobile. Mr. Jones seriously fractured his left knee and tore his medial collateral ligament. His injuries required surgery on both his knee and hip.

Mr. Jones' injuries continue to cause him significant pain and discomfort. During the hearing, he testified that his back injury still causes numbness in his legs (TR: 51) and makes it difficult for him to stand or walk (TR: 50). He also stated that he can only sit for one hour and stand for thirty minutes before his back and left knee become stiff and painful (TR: 63). In addition, he complained of trouble sleeping, and constant depression.

The medical evidence presented at the hearing consisted of three reports: an orthopedic evaluation, a psychological evaluation, and a Social Security Disability Determination.

On August 26, 1981, Dr. William Ross conducted an orthopedic evaluation. This examination revealed that the claimant walked with a slight limp and that he had tenderness in the lower lumbosacral region with no muscle spasm or abnormal curvature (TR: 154). Dr. Ross also found that claimant suffered from a decreased range of motion in his knee, secondary to pain from approximately zero degrees to ninety-five degrees. He concluded that the claimant would require a cane or crutches for not more than ten to twelve months from the time of his knee surgery. He felt that with rehabilitation, his knee and back could "conceivably" become functional within six months. He recommended that Mr. Jones be reevaluated in six months to determine his employability status. From the record before the court, it appears that the claimant never received a reevaluation.

Mr. Jones underwent a psychological evaluation on November 12, 1982 by Dr. Stephen Karr, a licensed psychologist. Dr. Karr stated that the claimant has a full scale IQ of 76, placing him in the borderline range of intelligence. Results of projective testing showed a depressive neurosis with alcohol addiction and soft signs of an organic brain syndrome. Performance on the Bender-Gestalt test suggested a minimal cerebral dysfunction. Dr. Karr gave a "guarded" prognosis (TR: 167) and stated that "independent employment would likely be difficult in view of the complex nature of this man's difficulties." (TR: 167).

The Social Security reviewing physician stated on January 19, 1982 that claimant's condition allowed him to perform only sedentary work, as he could lift a maximum of ten pounds and stand and walk only occasionally. This physician further noted that claimant could no longer perform his for-

mer job as a forklift operator and laborer (TR: 92).

After reviewing the medical records and claimant's testimony, the ALJ made the following findings and conclusions in pertinent part:

. . . .

(3) The claimant has the following impairment(s): chronic low back pain, status post surgery for a left knee fracture, and depressive neurosis.

(4) The claimant's allegations of disabling pain are found not credible.

(5) The claimant does not have any impairment or impairments which significantly limit his ability to perform basic work-related functions; therefore, the claimant does not have a severe impairment. (20 C.F.R. 404.1521 and 416.921)

(6) The claimant can perform his past work as a forklift operator.

(7) The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of this decision. (20 C.F.R. 404.1520(c) and 416.-920(c))

### DISCUSSION

The issue before this Court is whether the ALJ's finding that claimant's disability was not severe is supported by substantial evidence. "The findings of the Secretary are subject to reversal or remand if they are not supported by such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)). Moreover, even though the findings may be supported by substantial evidence, the Court must consider whether the ALJ applied the proper legal standards in weighing the evidence and making the decision. *Flake v. Gardner,* 399 F.2d 532, 540 (9th Cir.1968); *Karp v. Schweiker,* 539 F.Supp. 217, 219 (N.D. Cal.1982).

The ALJ found that the claimant's impairments were not "severe" based on the medical evidence presented at the hearing. According to 20 C.F.R. §§ 404.1521 and 416.921, an impairment falls within the category of "not severe" only if it does not significantly limit claimant's physical or mental abilities to do basic work activities. Basic work activities are defined as the abilities and aptitudes necessary to do most jobs. Examples of these abilities include physical functions such as walking, standing, sitting, lifting, pushing, pulling, and carrying; as well as mental functions such as understanding and carrying out simple instructions, use of judgment, and responding appropriately to work situations.

The "non-severe" regulation is extremely limited in scope. The 1980 recodification of the severity regulation does not change earlier expressions of the Secretary's intent as to the level of severity needed for a finding of not disabled on the basis of medical considerations only. *Brady v. Heckler,* 724 F.2d 914, 920 (11th Cir.1984). The 1980 regulation only clarifies the previous regulatory terms "slight neurosis, slight impairment of sight or hearing, or other slight abnormalities or combination of abnormalities." 43 Fed.Reg. 55,357–58 (1978). In other words, "an impairment can be considered as 'not severe' only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady,* 724 F.2d at 920 (quoting a document promulgated by the Social Security Appeals Council entitled *Appeals Council Review and Sequential Evaluation Under Expanded Vocational Regulations* (1980)).

Under this definition of non-severe impairment, it is clear that the ALJ's determination that Mr. Jones was not suffering from a severe impairment is not supported by substantial evidence. The medical reports submitted in this case indicate that several of claimant's basic abilities, *i.e.,* lifting, walking, bending, and concentrating, are significantly limited. Dr. Karr's psychological report notes that Mr. Jones

has "minimal insight", difficulties in both concentration and attention, depression, alcohol addiction, and a possible cerebral dysfunction (TR: 166–67). Dr. Ross' medical report states that claimant has chronic low back pain, a decreased range of motion in his back and knee, and experiences pain at the extremes of motion (TR: 154–55). Even the Secretary's reviewing physician states that claimant can lift a maximum of ten pounds and can only walk or stand occasionally. He concludes that Mr. Jones can no longer do his past work and would be limited to sedentary work (TR: 92).

These assessments of Mr. Jones' impairments show that they significantly limit his physical and mental abilities to do basic work activities. Under the regulations, as articulated by *Brady*, Mr. Jones must be considered severely impaired. The ALJ's conclusion to the contrary is not supported by substantial medical evidence.

The decision of the ALJ was based on his erroneous finding of non-severity. Questions relating to actual disability, therefore, were not reached. We find that the ALJ's finding of a non-severe impairment is not supported by substantial evidence and on this basis the finding is reversed. Further, the case is remanded to the Secretary to evaluate the claim under the remaining steps in the sequential evaluation mandated by the regulations. In particular, the ALJ should consider whether the evidence is sufficient to support a conclusion that Mr. Jones' impairments preclude him from performing his past work, and, if so, whether the Secretary carried the burden of showing that there is work available in the national economy that Mr. Jones can perform.

IT IS SO ORDERED.