**Vivian JOHNSON, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**No. C 84–20065 RPA.**

United States District Court, N.D. California, Ninth Division.

May 6, 1985.

---

Jeffrey Preefer, San Jose, Cal., for plaintiff.

Gary Hall, Asst. U.S. Atty., San Francisco, Cal., for defendant.

## OPINION AND ORDER

AGUILAR, District Judge.

Plaintiff brings this action pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Secretary of Health and Human Services denying her application for widow's disability benefits under §§ 202(e) and 223 of the Act, 42 U.S.C. §§ 402(e), 423. Pursuant to the special order governing Social Security review cases, this matter has been submitted without oral argument on cross-motions for summary judgment. This Court concludes that the administrative law judge ("ALJ") used improper legal standards in weighing the evidence presented. The case is therefore remanded to the Secretary for reconsideration in accordance with this opinion.

Plaintiff claims that she has a continuing disability that began in September 1980. Plaintiff was employed from March 1982 to May 1982, but urges that this employment be viewed as an unsuccessful work attempt rather than as a period of gainful employment. Plaintiff bases her claim for disability on psychiatric difficulties, including a somatization disorder that allegedly causes her disabling pain. The ALJ concluded that because plaintiff demonstrated no physical or psychological impairments that met or equalled those in the listing of impairments in Appendix 1 of subpart P of the regulations, a finding of "not disabled" was mandated.

## LEGAL STANDARDS

Proof of disability in a widow's benefits case requires a showing that the widow has an impairment with specific clinical findings that are the same as or medically equivalent to those in the listing of impairments in Appendix 1 of the regulations, or that she has one or more unlisted impairments that singly or in combination are the medical equivalent of a listed impairment. 20 C.F.R. §§ 404.1578, 404.1522. An "impairment" for purposes of this definition "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The impairment must be expected to result in death or have lasted or be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A), 20 C.F.R. § 404.1577.

On judicial review, the Secretary's determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence, 42 U.S.C. § 405(g), and if the Secretary applied the proper legal standards. *Kail v. Heckler,* 722 F.2d 1496, 1497 (9th Cir.1984); *Delgado v. Heckler,* 722 F.2d 570, 572 (9th Cir.1983). Where the proper legal standards are not applied by the ALJ in weighing the evidence, the decision should be set aside even if the findings are supported by substantial evidence. *Benitez v. Califano,* 573 F.2d 653, 655 (9th Cir.1978); *Lebus v. Harris,* 526 F.Supp. 56, 59 (N.D.Cal.1981).

## DISCUSSION

### I

Plaintiff contends that the ALJ erred in failing to consider plaintiff's allegations of pain in determining whether or not she was disabled. Severe pain can be disabling and can provide a basis for the grant of benefits. *See, e.g., Embry v. Secretary of Health, Education, and Welfare,* 626 F.2d 93, 94 (9th Cir.1980). However, the regulations require that there be medical signs or findings showing that there is a medical condition that could reasonably be expected to produce the pain symptoms. 20 C.F.R. § 404.1529. Thus, the ALJ can disregard a plaintiff's self-serving allegations of pain if they are unsupported by objective evidence. *Maounis v. Heckler,* 738 F.2d 1032 (9th Cir.1984); *Coats v. Heckler,* 733 F.2d 1338, 1340 (9th Cir.1984).

The requirement of objective evidence and medically acceptable clinical techniques is not, however, a requirement for a proven physical etiology of pain. To the contrary, a plaintiff's subjective symptoms of pain are a significant factor to be weighed in determining whether a disability, as defined in the Act, exists. *Gallant*

*v. Heckler,* 753 F.2d 1450, 1456 (9th Cir. Dec. 6, 1984) (citing *Mark v. Celebrezze,* 348 F.2d 289, 292 (9th Cir.1965); *Karp v. Schweiker,* 539 F.Supp. 217, 219 (N.D.Cal. 1982). This is true even when examining physicians are unable to pinpoint specific organic causes for the pain. *Stewart v. Harris,* 509 F.Supp. 31, 33 (N.D.Cal.1980); *see Duns v. Heckler,* 586 F.Supp. 359, 363–64 (N.D.Cal.1984). It is sufficient that the clinical tests establish the existence of medical conditions sufficiently serious so as to be *capable* of causing the pain. *Duns, supra,* 586 F.Supp. at 364; *Karp v. Schweiker, supra,* 539 F.Supp. at 220).

■ Psychological conditions, as well as physical conditions, are "medical conditions" within the meaning of the Act. *See* Appendix 1, 20 C.F.R. 401.100 (listing of impairments). In both cases, a determination that there is an impairment that is medically equivalent to a listed impairment must be supported by medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. § 404.1526. However, the techniques used to establish the existence of a disabling condition differ in physical and psychological cases. Thus,

"[w]hen mental illness is the basis of a disability claim clinical and laboratory data may consist of the diagnoses and observations of professionals trained in the field of psychopathology. The report of a psychiatrist should not be rejected simply because of the relative imprecision of the psychiatric methodology or the absence of substantial documentation, unless there are other reasons to question the diagnostic technique."[1]

*Lebus v. Harris,* 526 F.Supp. 56, 60 (N.D. Cal.1981).

■ Plaintiff's primary treating psychiatrist stated that, despite the lack of physical findings, plaintiff experiences very se-

vere, "real pain" as great as or greater than that caused by a verifiable physical illness, and that the existence of multiple sites of pain without apparent organic cause is a common symptom of somatization disorder. There is, therefore, objective medical evidence, albeit not physical evidence, that plaintiff in fact experiences severe pain.

■ Plaintiff's allegations of severe pain must therefore be considered in determining whether or not she is disabled. If the pain is determined to be related to plaintiff's somatization disorder, as appears from the record, the Secretary must determine whether the medical findings are equivalent to those listed in Appendix 1 of the regulations. If the pain is not related to plaintiff's other impairments, either because it results from a separate psychological or separate physical impairment, the Secretary must consider the combined effect of the unrelated impairments. 20 C.F.R. § 404.1522; *Stewart, supra,* 509 F.Supp. at 35. She must also make a specific and well-articulated finding as to the effect of the combination of impairments. *Id.* The ALJ erred in finding, without considering plaintiff's complaints of pain, that there was no proof of a consistent severe psychiatric disorder that meets the requirements of the listing of impairments.

## II

■ Plaintiff further contends that the ALJ erred in according insufficient weight to the determinations of plaintiff's treating physicians that she was disabled. Although the ALJ must make his own determination of disability based on the medical findings, 20 C.F.R. § 404.1527, the opinion of a claimant's treating physician is entitled to great or substantial weight.[2] *Duns, su-*

---

1. The *Lebus* court recognized, however, that "certain objective tests have and are being developed to facilitate the diagnosis and verification of certain mental disorders, and therefore, this opinion should not be construed as relaxing the requirement of objective data wherever it is possible to obtain such data." *Id.* at 61. There is no indication in the record that this type of data is available in this case.

2. Dr. Snider, plaintiff's treating psychiatrist throughout most of the period in question, concluded that the somatization disorder, in combination with plaintiff's generalized anxiety disorder and depression, prevented her from being gainfully employed. He found that she was disabled from September 1980 through March 1982, and from June 1, 1982, through November

pra, 586 F.Supp. at 363; *Stewart, supra,* 509 F.Supp. at 34. Moreover, the courts have been wary of conclusions drawn by physicians who make a determination as to disability on the basis of a review of records alone, and have found that the testimony of such physicians cannot alone constitute substantial evidence. *Gallant, supra,* at 6; *Justice v. Schweiker,* 587 F.Supp. 648, 652 (N.D.Cal.1984); *Karp, supra,* 539 F.Supp. at 219. The ALJ apparently, and improperly, gave conclusive weight to the determinations of the reviewing physicians in this case, who based their conclusions only on a review of the records.[3]

■ The ALJ based his finding of "no disability" in part on his observations of plaintiff at the hearing. An ALJ's observation of the claimant at a hearing, at least in cases involving alleged psychological disability, does not provide a sufficient reason to reject otherwise uncontroverted medical evidence.[4] *Montijo v. Secretary of Health and Human Services,* 729 F.2d 599, 602 (9th Cir.1984); *see Rhodes v. Schweiker, supra,* 660 F.2d 722 at 724; *see also Day v. Weinberger,* 522 F.2d 1154, 1156 (9th Cir. 1975).

■ If the ALJ wishes to disregard the opinion of the treating physician, he or she must make findings setting forth specific, legitimate reasons for doing so that

are based on substantial evidence in the record. *Murray v. Heckler,* 722 F.2d 499, 502 (9th Cir.1983); *see Stewart, supra,* 509 F.Supp. at 34 (ALJ should state why certain evidence was accepted and other evidence was rejected). Similarly, although the ALJ has discretion to determine that the plaintiff's complaints of pain are not credible, he must make a specific finding to that effect, must articulate his reasons for the finding, and must indicate the amount of weight given to various items of evidence. *Rhodes v. Schweiker,* 660 F.2d 722, 724 (9th Cir.1981); *Lewin v. Schweiker,* 654 F.2d 631, 635 (9th Cir.1981). The ALJ in this case made no findings as to the reasons for rejecting either the opinions of plaintiff's treating physicians or plaintiff's own allegations regarding her pain.

### III

■ Plaintiff also argues that the ALJ applied improper legal standards by not considering whether plaintiff's employment from March 1982 to May 1982 was an unsuccessful work attempt. The Secretary argues that because plaintiff was in fact briefly employed, she must necessarily be found "not disabled."

42 U.S.C. § 423(d)(2)(B) provides that a widow or widower shall not be found disabled unless her impairment is of a level of severity which *under regulations pre-*

29, 1982, at which time plaintiff began treatment with another psychiatrist. Dr. DeFino, one of plaintiff's treating physicians, noted on March 8, 1983, that she "cannot hold a job, etc." Her subsequent psychiatrist, although unwilling to enumerate her difficulties because he found this futile and likely to perpetuate the disability, noted that "her past complaints have been very real ones in my opinion, and ones that in many situations produce lasting disability."

3. The ALJ stated that "Regulation 4, section 404.1505 specifically states that a finding of equivalency must be made on 'medical judgment furnished by one or more physicians designated by the Secretary.'" The ALJ was apparently referring to section 404.1526, which states that, in determining whether there is medical equivalence based on medical findings, "[w]e will also *consider* the medical opinion given by one or more physicians designated by the Secretary in deciding medical equivalence." The

plain meaning of the section is that the finding of the physician designated by the Secretary is a *factor* in the determination of medical equivalency, not that it is the sole basis for this judgment.

4. The findings of plaintiff's physicians as to the reality of her pain are uncontradicted. The reports of the two reviewing physicians for the Secretary who examined plaintiff's records contain no evaluation of the reality of plaintiff's pain. They note only that there was no physical etiology for her complaints (except at extremes of movement) and that the objective physical evidence did not indicate an impairment that would preclude claimant from performing her normal daily activities. As already discussed, such objective physical evidence is not required in cases such as this, in which the clinical psychiatric evidence provides an explanation for the claimant's complaints.

scribed by the Secretary is deemed to be sufficient to preclude an individual from engaging in any gainful activity. 20 C.F.R. § 404.1577 repeats this definition of widow's disability. However, 20 C.F.R. § 404.1578, encaptioned "how we determine disability for widows," provides in subpart (b) that "we will not find you disabled if you are doing substantial gainful activity" (emphasis added). Section 404.1579 provides that a disability will be found ended in the earlier of 1) the month the claimant's impairments fail to meet or equal one of the listed impairments, or 2) in the month the claimant does substantial gainful activity. The regulations therefore specify that, in determining whether plaintiff's employment from March through May 1982 constituted an end to an earlier period of disability, assuming a disability were found in the earlier period, the substantial gainful activity standard must apply.

The ALJ must be guided by section 404.-1573 of the regulations in making findings on this point. Particular emphasis should be given to section 404.1573(b), which provides:

"[w]e consider how well you do your work when we determine whether or not you are doing substantial gainful activity. If you do your work satisfactorily, this may show that you are working at the substantial gainful activity level. If you are unable, because of your impairments, to do ordinary or simple tasks satisfactorily without more supervision or assistance than is usually given other people doing similar work, this may show that you are not working at the substantial gainful activity level."

The ALJ apparently did not consider the evidence in the record regarding plaintiff's lack of success in her employment. He noted only that the claimant "did perform at some level at least with certain subsidies." This indicates that the ALJ was applying an "any gainful activity" rather than a "substantial gainful activity" standard in making his determination.

An additional factor is relevant to the determination of whether this period of employment provides evidence that plaintiff is not disabled. While in cases involving physical impairments a finding of disability may be negated by the presence of symptom-free periods, "symptom-free intervals do not necessarily compel such a finding when a mental disorder is the basis of the claim." Lebus v. Harris, 526 F.Supp. 56, 61 (N.D.Cal.1981). The relevant inquiry in cases involving psychiatric disorders is whether a claimant can engage in any substantial gainful employment during the symptom-free intervals, given the likelihood, frequency, and severity of relapses in his or her mental illness. Id. It is not clear from the record if plaintiff was symptom-free during this period, or if she had continuing symptoms which contributed to the lack of success in her work attempt. However, the necessary inquiry is even more relevant in such periods than in completely symptom-free periods.

The ALJ noted that there was strong evidence in February 1982 that the criteria of the listing of impairments were met. However, he stated that because plaintiff was certified to return to work, the duration requirement of the Act was not met. The statement indicates that the ALJ was improperly guided by the rule for physical rather than psychological disability cases in determining whether or not plaintiff's three-month period of employment demonstrated that she was not in fact disabled.

CONCLUSION

Having reviewed the ALJ's decision, the Court concludes that improper legal standards were applied to determine plaintiff's eligibility for widow's disability benefits. The case must be remanded to the Secretary for reconsideration of the evidence in accordance with the standards presented in this opinion. If, on reconsideration, the ALJ rejects the opinions of plaintiff's treating physicians and the credibility of her own allegations of pain, he or she must provide clear and convincing reasons for such findings. Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion for summary judgment is DENIED;

Defendant's motion for summary judgment is DENIED;

This case is REMANDED to the Secretary for reconsideration in accordance with this Order and Opinion.

IT IS SO ORDERED.