Homer RHODES, Appellant,

v.

Richard S. SCHWEIKER, Secretary of the Department of Health and Human Services, Appellee.

No. 80–3172.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 1981.

Decided Nov. 2, 1981.

Evohl F. Malagon, Malagon & Yates, Eugene, Or., for appellant.

Richard H. Wetmore, Dept. of HEW, Seattle, Wash., for appellee.

Before KILKENNY and SCHROEDER, Circuit Judges, and JAMESON,* District Judge.

KILKENNY, Circuit Judge:

Rhodes appeals from a decision by the Secretary disallowing his claim for disability benefits. The only doctor to examine Rhodes since the onset of his alleged disability consistently concluded that Rhodes was disabled. An Administrative Law Judge [ALJ] found that Rhodes had not met his burden of proof. The district court affirmed.

■■ Conceding that Rhodes "may well have been incapacitated periodically during the time under consideration," the Secretary argues that Rhodes failed to meet his initial burden of proof of eligibility for benefits. *See Giampaoli v. Califano*, 628 F.2d 1190, 1192 (CA8 1980). In order to be eligible for disability benefits, Rhodes was required to demonstrate, by medically acceptable, clinical, and laboratory diagnostic techniques, his "inability to engage in any substantial gainful activity by reason of any medically determined physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...." 42 U.S.C. § 423(d)(1)(A). In support of his decision, the Secretary claims that Rhodes has not met his initial burden of proof because his doctor's repeated diagnosis of him as disabled is insufficient to justify a finding of disability. Standing alone, the mere existence of functional impairment is insufficient to justify an award of benefits. In addition, there must be proof of the impairment's disabling severity. *Waters v. Gardner*, 452 F.2d 855, 857 (CA9 1971).

In rejecting Rhodes' claim, the ALJ relied on three factors. First, he relied on the findings in the doctor's post-operative report that Rhodes' condition *had improved*. The doctor had reported that "x-rays on this date reveal evidence of good bone formation in the lateral area." and "his straight leg raising tests were mildly positive." Second, the ALJ rejected the doctor's characterizations of "present disability" as opinions which he had discretion to reject under 20 C.F.R. § 404.1526.[1] Finally, the ALJ was not convinced by Rhodes' subjective allegations of pain based on his personal observations of Rhodes at the hearing, even though there is no hint or suggestion of malingering in the record.

On the record, viewed as a whole, the ALJ's primary reliance on allegations of improvement in Rhodes' condition is misplaced. It is argued that under the pertinent regulation, 20 C.F.R. § 404.1524(c), only two of the doctor's five post-operative findings constituted objective clinical findings. The Secretary rejected the doctor's statements that Rhodes was still suffering from a moderate amount of low back discomfort, that he was still using his brace, "taking much more pain according to his description," and that he "remained disabled."

■ True enough, the Secretary is not bound by the expert's opinion, even if uncontradicted. Such a rejection, however, must be accompanied by clear and convincing reasons for doing so. *Day v. Weinberger*, 522 F.2d 1154, 1156 (CA9 1975). Here, the Secretary advanced no specific reasons for the rejection. On the contrary, he concedes that Rhodes suffered a physical impairment. Only the severity of the impairment is questioned. The Seventh Circuit has held that under circumstances such as these, the opinion of the examining doctor, standing *alone*, may establish total incapacity for substantial gainful activity within

---

* The Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation.

1. The then existing regulation reads in part: "A statement by a physician that an individual is, or is not, 'disabled' ... shall not be determinative of the position of whether or not an individual is under a disability. The weight to be given such physician's statement depends on the extent to which it is supported by specific and complete clinical findings and is consistent with other evidence as to the severity and probable duration of the individual's impairment or impairments."

the meaning of the appropriate section. *Allen v. Weinberger*, 552 F.2d 781, 785–786 (CA7 1977). This case is closely in point. There, the ALJ refused to accept "as factual" the repeated statements of the examining doctor that the plaintiff was totally and permanently disabled because the statements were not supported by any clinical findings. While recognizing the general rule that the weight to be given the doctor's statement depends on the extent to which it is supported by the clinical findings, the *Allen* court went on to hold that, where the examining doctor was in close contact with and had examined the plaintiff on several occasions, his opinion, although phrased as an ultimate conclusion on the question, was entitled to consideration as an indication of *how severe* the patient's impairment was at the time of the examination.

We have already mentioned that the examining doctor described Rhodes as being disabled and was the only doctor to examine him from the onset of his alleged disability. As such, his opinion is entitled to more than passing consideration. *Allen v. Weinberger, supra*, at 786. True enough, it is within the power of the Secretary to make findings concerning the credibility of a witness and the ALJ was free to dismiss Rhodes' assertion of pain. Strangely enough, the Secretary seems to rely on *Day v. Weinberger, supra*, a case in which he was reversed. There the court concluded that the ALJ's observations at the hearing were insufficient to support the finding in the light of two uncontradicted medical opinions to the contrary. Here, the ALJ noted that he was basing his decision in part "on my personal observation of the claimant." He made no finding that Rhodes was in any way malingering.

We perceive no logical reason why the uncontradicted medical opinion of the attending doctor, who had examined claimant on many occasions, should not be given the same type of consideration as that given to the opinion of two doctors, as in *Day v. Weinberger, supra*. Additionally, it is interesting to note that in *Allen*, the Seventh Circuit considered the physician's testimony that the claimant "still suffers from considerable back pain and the pain goes down the left leg." Here, the ALJ entirely disregarded the doctor's testimony as to pain suffered by Rhodes.

## CONCLUSION

It is our studied conclusion that Rhodes has met his burden of proof under *Giampaoli, supra*. Consequently, the case should be remanded to allow the Secretary an opportunity to prove that Rhodes can engage in some type of substantial gainful work that exists in the economy. *Hall v. Secretary of HEW*, 602 F.2d 1372, 1375 (CA9 1979).

The judgment of the district court is set aside and the cause remanded for further proceedings.

IT IS SO ORDERED.