**Jesus MONTIJO, Plaintiff-Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.**

No. 82–5759.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 7, 1983.*

Decided March 26, 1984.

F. James Bear, National City, Cal., for plaintiff-appellant.

Warren P. Reese, Asst. U.S. Atty., San Diego, Cal., for defendant-appellee.

Before BROWNING, Chief Judge, FLETCHER and NORRIS, Circuit Judges.

PER CURIAM:

Montijo appeals the Secretary's decision that he is not disabled within the meaning of sections 223(d)(1)(A) and 1614(a)(3)(A) of the Social Security Act, 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A), and therefore not entitled to disability benefits or Supplemental Security Income (SSI) under the Act.

## I

Montijo injured his back and neck when thrown from a railroad car in May 1976. He has not worked since.

Reports from four physicians disclosed only minor physical injuries. None of these doctors concluded that a physical impairment had disabled Montijo for longer than twelve months. After his initial application for disability benefits, Montijo became severely ill and was hospitalized in September 1979 for what was later diagnosed as Addison's disease—a hormonal imbalance related to stress that causes weakness, low blood pressure, anemia, and darkening of the skin. The attending physician's report concluded, however, that the disease could be controlled with medication and would not disable Montijo.

A review of the medical opinion concerning psychological impairment presents a different picture. A psychologist examined Montijo in September 1978 and diagnosed a psychophysiological reaction to an underlying organic pathology. The psychologist ventured no opinion about the claimant's ability to work.

In September 1979 Dr. Griswold, a psychiatrist, concluded that Montijo was totally disabled by a psychophysiologic musculoskeletal disorder resulting from the May 1976 accident. Dr. Griswold saw the claimant nearly a year later and noted some improvement but adhered to his earlier opinion that Montijo was totally disabled by the neurotic disorder. Finally, in February 1981, eighteen months after his first examination, Dr. Griswold repeated his diagnosis and his conclusion that Montijo was totally disabled.

This diagnosis was confirmed to some degree by another psychiatrist, Dr. Bayardo, who first saw claimant in July 1980. He concluded that claimant either suffered from a neurosis or that his symptoms could be attributed to Addison's disease and related side effects. He thought claimant might be able to perform light duties. Dr.

Bayardo reached substantially similar conclusions after an examination in February 1981, but added specifically in this report, in contrast to his previous opinion, that Montijo had been unable to work since May 1976.

The administrative law judge determined, on the basis of these medical reports and testimony from the claimant at a hearing, that claimant suffered from no severe mental or physical impairment and was therefore not entitled to disability benefits. This finding was approved by the Appeals Council and became the final decision of the Secretary. On appeal of this decision, the district court concluded the Secretary's determination was supported by substantial evidence.

## II

■ We agree with the district court that substantial evidence supports the administrative law judge's finding that Montijo has not suffered from a severe physical impairment for the minimum statutory twelve-month period. Some of the medical reports might support a finding of severe impairment for shorter periods. There is no evidence, however, that the May 1976 accident or the Addisonian crisis caused a severe physical impairment lasting for longer than twelve months. The subjective complaints of the claimant alone do not overcome his statutory burden. *See Sorenson v. Weinberger*, 514 F.2d 1112, 1118 (9th Cir.1975); 20 C.F.R. § 404.1508 (1983).

A different conclusion is required as to the claimant's mental impairment. Montijo tendered evidence from a psychologist who, on the basis of extensive testing in September 1978, concluded the claimant exhibited a psychophysiological reaction. A psychiatrist reached a similar conclusion one year later in September 1979 and added that, in his opinion, the claimant was totally disabled by virtue of this neurotic disorder. The disorder diagnosed is one of those listed in the Secretary's regulations as an impairment. *See* 20 C.F.R. Part 404, SubPart P, Appendix 1, 12.00 B.3.a. (1983). The third expert in psychological impairment,

also a psychiatrist, agreed claimant had been unable to work from the time of the accident although he could not determine whether the disability resulted from a neurotic disorder or Addison's disease. Thus, the medical evidence regarding Montijo's mental condition shows the existence of a mental impairment existing for at least one year, and perhaps longer, after the original accident, and two of the doctors expressed the opinion that the impairment was disabling. There was no contrary medical evidence.

■ The administrative law judge is not bound by the uncontroverted opinions of the claimant's physicians on the ultimate issue of disability, 20 C.F.R. § 404.1527 (1983), but he cannot reject them without presenting clear and convincing reasons for doing so. *See Rhodes v. Schweiker*, 660 F.2d 722, 723 (9th Cir.1981); *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir.1975).

In *Day*, 522 F.2d at 1156–57, this court reversed a denial of benefits in the face of uncontroverted reports from the claimant's five physicians that she was injured and the conclusion of two of the five that she was disabled as a result. Neither the hearing examiner's observation of the claimant at the hearing nor his reliance on the inability of the physicians to support their findings with objective laboratory findings constituted a clear and convincing reason for rejecting their conclusion.

The *Rhodes* court rejected a finding of nondisability in a similar case. The administrative law judge refused to accept the uncontroverted diagnosis of the claimant's physician characterizing the claimant as disabled. The administrative law judge attempted to justify rejection of the doctor's conclusion by highlighting the doctor's description of the claimant as improved. The administrative law judge also relied on his personal observation of the claimant at the hearing to support a nondisability finding. We reversed, holding the administrative law judge had failed to provide clear and convincing reasons for rejecting the physician's report. *Rhodes v. Schweiker*, 660 F.2d at 724.

In this case the administrative law judge failed to present clear and convincing reasons for rejecting the uncontroverted reports of the psychiatrists. Apparently the administrative law judge based rejection on evidence relevant primarily to claimant's physical impairment and upon observation of claimant at the hearing. Evidence from physicians ruling out possible neck and back injuries does not contradict evidence from psychiatrists that claimant suffered from a disabling neurotic disorder. *See Goodley v. Harris*, 608 F.2d 234, 236 (5th Cir.1979) (physician's report disclosing no physical impairment does not support a rejection of a psychiatrist's diagnosis of a disabling neurosis); *Behnen v. Califano*, 588 F.2d 252, 254 (8th Cir.1978) (reversal of nondisability finding for failure to properly consider the evidence from one physician of a psychiatric disorder, even though other physicians' reports showed no physical disability). The administrative law judge's observation of the claimant at the hearing, at least in cases involving alleged psychological disability, does not provide a sufficient reason to reject the otherwise uncontroverted medical evidence. *See Lewis v. Weinberger*, 541 F.2d 417, 421 (4th Cir.1976).

The government argued before this court that the administrative law judge's findings were supported by substantial evidence because the reports of the claimant's doctors regarding his mental impairment were not credible. The government alleges that Dr. Bayardo and Dr. Griswold "regularly provide 'totally disabled' opinions in cases handled by claimant's attorney," and "simply manufacture 'diagnoses' and 'total disability' opinions out of whole cloth upon demand." Government Brief at 16 n. 2, 34. These are serious allegations and, if true, would support the administrative law judge's rejection of the doctors' opinions. However, the record contains no evidence whatsoever to support the briefwriter's assertions and none to show the doctors were unqualified. The administrative law judge made no finding that the doctors lacked credibility or qualifications and, indeed, the administrative law judge relied upon the evidence presented by one of these physicians to support his conclusion that no physical impairment existed.

In view of the failure of the administrative law judge to adequately explain his reasons for rejecting the uncontroverted evidence of psychological impairment, we reverse the judgment of the district court, vacate the determination of the Secretary, and remand to the Department for a new hearing at which both parties will have an opportunity to present new evidence. *See Day v. Weinberger*, 522 F.2d at 1157.

REVERSED and REMANDED.