**Bettye H. COATS, Plaintiff-Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.**

**No. 83–3673.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 1984.

Decided May 24, 1984.

had) for rejecting her doctor's opinion that she is disabled within the meaning of the Social Security Act and thus is entitled to supplemental security income. This court has jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. We reverse the district court's judgment that there was substantial evidence supporting the Secretary's decision and remand the case to the Secretary to determine whether there are reasons for rejecting the opinion of appellant's doctor that she is disabled, and if there are, to articulate them in appropriate findings of fact.

Brent H. Nielson, Webb, Burton, Carlson, Pedersen & Paine, Twin Falls, Idaho, for plaintiff-appellant.

Guy Hurlbutt, Asst. U.S. Atty., Boise, Idaho, Richard H. Wetmore, Seattle, Wash., for defendant-appellee.

Before WRIGHT and HUG, Circuit Judges, and ORRICK,* District Judge.

ORRICK, District Judge:

Bettye H. Coats appeals from a decision of the Secretary of Health and Human Services ("the Secretary") denying her disability insurance and disabled widow's insurance benefits on the ground that the Administrative Law Judge ("ALJ") acting for the Secretary did not articulate clear and convincing reasons (if indeed any he

I

Coats, a fifty-five year old woman with a tenth grade education, has worked as a food processor, a grocery store clerk, a file clerk, a secretary, and a greenhouse employee. On June 14, 1980, while employed at the greenhouse, Coats experienced lower back pain after reaching across a table containing potted plants. She was treated by Dr. Rodney D. Swartling, who diagnosed the injury as lumbar disk syndrome. Medication was prescribed and her condition improved. The treatment was continued until November 17, 1980, when she was admitted to a hospital for a myelogram. On December 1, 1980, as a result of the myelogram findings, Coats underwent surgery consisting of laminotomy, foraminotomy, and negative exploration. Since the time of the original injury, appellant has not worked.

On January 12, 1981, Coats filed applications for disability insurance benefits and disabled widow's insurance benefits. At the hearing before the ALJ she testified to frequent headaches and pain in her lower back and down her right leg. Both her daughter and a friend corroborated her testimony at the hearing.[1]

---

* The Honorable William H. Orrick, United States District Judge for the Northern District of California, sitting by designation.

1. Coats' daughter testified that Coats was in an extreme amount of pain for most of each day, had problems walking, driving a car, and could only perform light housework. A family friend further testified that she sees Coats on a daily basis, and that her condition had steadily deteriorated. The friend noted that Coats was constantly attempting to alleviate her pain either by lying down or sitting with her legs up in bed.

In addition, the records of Dr. Swartling were introduced at the hearing. They indicated postoperative improvement by Coats.[2] But, the records also evidenced continuing lower back pain, the possibility of only a partially successful recovery from surgery, and a diagnosis that Coats would have to learn to live with pain. Dr. Swartling concluded that Coats was unemployable because of her condition.[3]

The ALJ concluded that the claimant's major problems stemmed from her back pain and headaches. He reviewed Coats' ability to function in regard to some personal needs and housework, and noted his view of Coats at the hearing, finding that she appeared to have no difficulty walking, sitting, or carrying out other bodily movements, and did not appear to be in any physical distress or discomfort.

## II

■ The most persuasive evidence of Coats' disability is the opinion of her doctor that she is not employable because of constant pain in her lower back and right leg. Although an expert's report should be given substantial weight, it is not binding on the ALJ so long as he provides clear and convincing reasons for rejecting the opinion. *Rhodes v. Schweiker*, 660 F.2d 722, 723–724 (9th Cir.1981); *Montijo v. Secretary of Health & Human Services*, 729 F.2d 599 at 601 (9th Cir.1984). Here, the ALJ offered two reasons for rejecting the doctor's opinion that Coats is disabled and unemployable. First, he rejected the opinion because it was allegedly based on Coats' subjective complaints, not on objective findings, and second, because Coats'

appearance and physical manifestations at the hearing belied her complaints of constant back and leg pain.

■ Neither reason is sufficiently clear nor convincing as a basis for rejecting the doctor's opinion. In particular, there is ample evidence that Coats' complaints of back and leg pain are supported by clinical findings.[4] The doctor noted that Coats experienced postoperative changes in her physical condition and that she continued to have lower back pain.[5] Before opining that she was unable to work, he also stated that she would have to learn to live with pain. Altogether, the medical evidence of disability supports the doctor's opinion which, standing alone, may establish total incapacity. *See id.* at 723.

In both *Rhodes* and this case, the doctor examined the claimant on several occasions, uncontradicted clinical findings supported the doctor's opinion, and the ALJ dismissed the claimant's assertions of pain after observing the claimant at a hearing, without finding any evidence of malingering. And identical to the findings in *Rhodes*, the ALJ here found that Coats was impaired, but that the impairment did not establish total disability.

■ We come to the same conclusion, as did another panel of this court in *Rhodes*, namely, that the ALJ improperly rejected the opinion of Coats' doctor regarding the severity of the impairment based upon his observations of the claimant's behavior at the hearing. To be sure, the ALJ could properly disregard Coats' self-serving statements to the extent they were unsupported by objective findings. *Hall v. Secretary of Health, Education & Welfare,*

---

2. Dr. Swartling's records of January 8, 1981, indicate that Coats walked without a limp, straight leg raising was at 70° bilateral, and right ankle knee jerk less than left but coming back steadily. On February 5, 1981, the doctor, noting further progress in Coats' condition, reported her leg raising at 70° or better on the right and 80° on the left.

3. The affidavit of Coats' physical therapist was also submitted to the ALJ. He, too, opined that Coats was unemployable because of her chronic back pain.

4. The weight accorded to a doctor's statement generally depends on the extent to which it is supported by clinical findings. 20 C.F.R. § 404.1527 (1983).

5. In an affidavit submitted by Dr. Swartling at the hearing before the ALJ, he noted that a CAT scan had revealed some postoperative changes at L–5, S–1, showing a mild annulus bulging without significant dura sac constriction at L–5. This means that Coats had a ring-shaped bulge of the outmost membrane enveloping the spinal cord.

602 F.2d 1372, 1377 (9th Cir.1979). Yet, as we have held, the objective evidence does support a prima facie showing of disability. Specifically, the doctor's opinion about Coats' lingering pain and her inability to work remain uncontradicted, and the evidence of the witnesses testifying at the hearing generally supported Coats' claim of disability. The ALJ entirely disregarded these facts in his decision.

## CONCLUSION

As in *Rhodes* the ALJ rejected the doctor's uncontradicted opinion without articulating clear and convincing reasons therefor.

Accordingly, we reverse the judgment of the district court and remand the case to the Secretary to determine whether there are clear and convincing reasons to reject the uncontradicted opinion of Coats' doctor that she is disabled within the meaning of the Social Security Act and, if there are such clear and convincing reasons, to articulate them. If there are none, the burden is on the Secretary to prove that Coats can engage in some type of substantial work that exists in the national economy. *Hall, supra,* 602 F.2d at 1375.