958 F.2d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lucie M. WAGNER, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 91-55308.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1992.*
Decided March 25, 1992.
 
 Before ALARCON, BEEZER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lucie M. Wagner appeals from the final judgment of the district court affirming the decision of the Secretary of Health and Human Services to deny her disability benefits. Wagner argues that the Secretary's decision is not supported by substantial evidence and that the Secretary applied erroneous legal standards. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 3
 * Wagner applied for disability insurance benefits on January 27, 1987, alleging that she became disabled on October 25, 1984. The Social Security Administration denied her claim. A hearing was conducted before an administrative law judge ("ALJ"), and on July 29, 1988, the ALJ found that Wagner was not disabled. The ALJ's decision was affirmed by the Appeals Council on January 3, 1989, and became the final decision of the Secretary.
 
 
 4
 Wagner then brought suit in the district court pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), which provides for judicial review of final decisions of the Secretary. On November 26, 1990, the district court granted the Secretary's motion for summary judgment, finding that the Secretary's decision was supported by substantial evidence. That final judgment is the subject of the present appeal.
 
 II
 
 5
 Wagner first argues that the Secretary erred in failing to find her disabled under the criteria set out in 20 C.F.R. Part 404, Subpt. P., App. 1, § 12.04, Affective Disorders. Wagner contends that her "affective disorder clearly meets or equals the level of severity contemplated in listing 12.04."
 
 
 6
 We set aside a denial of benefits only if the Secretary's findings are based upon legal error or are unsupported by substantial evidence. Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir.1985). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). A claimant must do more than demonstrate a physical or mental impairment. The claimant must also show that he is unable to engage in substantial gainful activity as a result of that impairment. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir.1982).
 
 
 7
 It is undisputed that Wagner possesses a variety of emotional disorders. Medical reports indicate that Wagner suffers from very low self-esteem and loneliness, that she is subject to anxiety and depression, and that she is timid and shy. Wagner also has difficulty in completing tasks in a timely manner and in concentrating for more than a short period of time.
 
 
 8
 The existence of an emotional disorder, however, is not per se disabling. "In addition, there must be proof of the impairment's disabling severity." Rhodes v. Schweiker, 660 F.2d 722, 723 (9th Cir.1981). In this case, the ALJ found that although Wagner had an affective disorder and a personality disorder, she was not disabled. Relying on a medical report, Dr. Furman, the ALJ found that Wagner's ability to perform simple and repetitive tasks was not impaired. Based upon the same report, the ALJ found that Wagner can carry out instructions as well as respond to superiors, and "has retained significant functional capacities." Because those findings are supported by substantial evidence, we must affirm.
 
 III
 
 9
 Wagner next contends that the Secretary erred in failing to consider properly the medical evidence establishing a disability. Specifically, Wagner contends that the ALJ erred in rejecting the conclusion of a treating physician, Dr. Bucky, that Wagner is disabled.
 
 
 10
 Ordinarily, "an expert's report ... is not binding on the ALJ so long as he provides clear and convincing reasons for rejecting the opinion." Coats v. Heckler, 733 F.2d 1338, 1340 (9th Cir.1984). Where medical testimony is conflicting, however, it is the ALJ's role to determine credibility and to resolve the conflict. "If the evidence admits of more than one rational interpretation, we must uphold the decision of the ALJ." Allen v. Secretary of Health & Human Services, 726 F.2d 1470, 1473 (9th Cir.1984).
 
 
 11
 Here, the ALJ, faced with conflicting evidence of the severity of Wagner's affective disorder, relied upon the opinion of Dr. Furman. Moreover, the ALJ found that the reports of Dr. Bucky were "conclusiary [sic] in nature, predicated on the claimant's subjective complaints, and not accompanied by any clinical testing results." Because the ALJ's decision concerning Wagner's affective disorder is supported by substantial evidence in the record, and because the ALJ made findings setting forth specific, legitimate reasons for disregarding Dr. Bucky's opinion, the Secretary committed no error. See Allen v. Heckler, 749 F.2d 577, 580 (9th Cir.1984).
 
 
 12
 Wagner also contends that, in addition to her affective disorder, she suffers from a disabling back injury. Wagner's original treating orthopedist, Dr. Freeman, found that Wagner had a mild bulging disc and should not perform "very heavy work." Dr. MacMorran, an orthopedic surgeon, found that Wagner should avoid heavy lifting, repeated bending and prolonged standing and sitting. Dr. Fernandez, another treating orthopedist, found that Wagner could perform "light duty involving sitting, standing, reaching or grasping," but not "repeated bending, stooping, kneeling, or lifting from the floor."
 
 
 13
 In evaluating the medical evidence, the ALJ found that Wagner had "a history of a herniated nucleus pulposas of the L5-S1." The ALJ further found that, as a result, Wagner was "unable to perform her past relevant work" as a bank vault and merchant teller. The ALJ concluded, however, that Wagner "has the residual functional capacity to perform the full range of unskilled light work."
 
 
 14
 Based upon the medical evidence presented, including the testimony of Dr. Fernandez who found that Wagner could perform "light duty," we cannot conclude that the findings related to Wagner's herniated disc were unsupported by substantial evidence.
 
 IV
 
 15
 Wagner finally contends that the Secretary erred in finding that she had the residual functional capacity to perform the full range of unskilled light work.
 
 
 16
 The burden is on the claimant initially to demonstrate an inability to pursue his customary occupation. Giampaoli v. Califano, 628 F.2d 1190, 1193 (9th Cir.1980). Once having done so, the burden shifts to the Secretary to show "that the claimant can engage in other types of substantial gainful work that exists in the [national] economy." Johnson v. Harris, 625 F.2d 311, 312 (9th Cir.1980). Such employment must involve realistic job opportunities. Vidal v. Harris, 637 F.2d 710, 713 (9th Cir.1981). Reference to such employment probabilities should be specific. Hall v. Secretary of HEW, 602 F.2d 1372, 1374 (9th Cir.1979).
 
 
 17
 In this case, the ALJ sought testimony from Dr. Jones, a vocational expert. The vocational expert testified that Wagner could perform a significant number of unskilled light jobs in the national economy, and referred specifically to the types and numbers of suitable positions. Dr. Jones testified that Wagner could perform "1,600 unskilled occupations," including "machine operation jobs such as envelope sealing machine operator, folding machine operator, inserting machine operator ..." Dr. Jones further testified that 2,090 suitable jobs existed in the local economy and that 200,000 suitable jobs existed in the national economy. Consequently, substantial evidence supports the ALJ's finding that Wagner could perform a range of unskilled light work existing in the national economy.
 
 V
 
 18
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3