53 F.3d 339
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 James R. MOORE, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health & Human Services,
Defendant-Appellee.
 No. 93-35801.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 9, 1995.*
Decided May 3, 1995.
 
 Before: HALL, O'SCANNLAIN, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Moore appeals the decision of the district court upholding the Secretary's decision to deny him disabled child's benefits under Title II of the Social Security Act, and Supplemental Security Income disability benefits under Title XVI of the Act. Moore asserts that the ALJ improperly rejected the opinion of Moore's examining physicians and substituted the opinion of the medical expert at the hearing. We have jurisdiction 28 U.S.C. Sec. 1291, and reversed and remand for further proceedings.
 
 
 3
 * Moore argues that the ALJ's decision that he was not disabled was not based on substantial evidence, and that the ALJ did not give clear and convincing reasons for disregarding the opinions of his examining physicians. While we disagree with Moore as to the burden the ALJ was required to meet to discount the opinions of the examining physicians, we agree that the ALJ's determination of nondisability was not based upon substantial evidence.
 
 
 4
 The opinions of Moore's examining physicians--Stipek, Kurlychek and Freedman--were contradicted by Moser, a nonexamining medical expert who testified at the hearing. As Moser's opinion was not contradicted by all the evidence in the record, we will uphold the ALJ's decision if he has given specific and legitimate reasons for discounting the opinions of the examining physicians that are based on substantial evidence in the record. See Andrews v. Shalala, No. 93-35599 (9th Cir. May 1, 1995), slip op. at 5042. Here, the ALJ specifically rejected only Stipek's assessment. This he did because Stipek "became ... an advocate whose conclusions far exceed the objective findings or test scores and are extreme, inconsistent with what the undersigned observed at the hearing, and unreasonable." The ALJ found significant the fact that Stipek had assessed Moore the day before the hearing whereas his own observations of Moore at the hearing were at odds with Stipek's assessment that Moore was "markedly impaired" in 14 of 20 categories because these "are the sort of marks that one would expect with an active psychotic." The ALJ also concluded that Stipek "had trouble diagnosing mental illness," apparently because Moore appeared "normal" at the hearing, but Stipek had reported that Moore demonstrated a "non-stop" talk disorder the previous day.
 
 
 5
 The ALJ's reasons for rejecting Stipek's conclusions are neither specific nor legitimate enough to pass muster, and he gave no reasons at all for rejecting the opinions of Moore's other examining sources. The "administrative law judge's observation of the claimant at the hearing, at least in cases involving alleged psychological disability, does not provide a sufficient reason to reject the otherwise uncontroverted medical evidence." Montijo v. Secretary of H.H.S., 729 F.2d 599, 602 (9th Cir. 1984). Moreover, the ALJ did not identify any evidence to support his conclusion that Stipek had become an advocate for Moore. Stipek's MRFC evaluation of Moore the day before the hearing was consistent with his earlier (June, 1989) evaluation in which he stated that "Moore talked incessantly. He doesn't need any stimuli, he just talks.... he said that he was put on Ritalin when he was a youngster .... The most impressive thing about this man is that he talks and talks and talks." Dr. Kurlychek also observed "hyperverbalization" and "non-stop talking" in his August, 1989 evaluation. The ALJ relied on Moser's conclusion, which the record reveals to be clearly incorrect, that Moore showed superior performance on a test of concentration ability.
 
 
 6
 Nor do the comments of Freedman and Kurlychek relied upon by the ALJ amount to substantial evidence justifying rejection of Stipek's conclusion that Moore was "markedly limited" in a substantial number of MRFC categories. Read in context, these statements suggest that Moore has some skills that might enable him to find employment, and that a work environment of some kind might improve Moore's mental status; they are not inconsistent with Stipek's conclusion that Moore's difficulty with socialization is disabling. Kurlychek concluded that Moore "clearly demonstrates multiple deficits that present a significant vocational handicap for him." He further stated that, while Moore had "training in mechanics" and "interest in small engine repair," his "[e]motional and behavioral problems may be of more significance in presenting him with hurdles to overcome." While Freedman's assessment implied that Moore would benefit from work if he could find it, he nevertheless rated him as having "moderately serious impairment in social and occupational functioning."
 
 
 7
 In MRFC forms filled out after the ALJ's decision and submitted to the Appeals Council, Dr. Kurlychek rated Moore "markedly limited" in 11 categories, Dr. Freedman in 7 categories.[1] The Appeals Council rejected these MRFC assessments because they were "not supported by new clinical findings [and] include limitations far more significant than those indicated by these doctors' earlier examinations, or found elsewhere in the record." However, the regulations do not require that new evidence be based on post-ALJ-decision clinical examinations. 20 C.F.R. Secs. 404.970(b), 404.976(b). In fact, such evidence would be less likely to "relate[] to the period on or before" the date of the ALJ's decision than the evidence submitted here. 20 C.F.R. Sec. 404.976(b).
 
 
 8
 In sum, the ALJ did not provide specific and legitimate reasons, based on substantial evidence, for rejecting Stipek's assessment. Because the vocational expert's opinion was based on Moser's assessment alone, the ALJ improperly relied on it. Gamer v. Secretary of Health and Human Services, 815 F.2d 1275, 1280 (9th Cir. 1987). Here, the ALJ "assumed" that Moore had no past relevant work. As the ALJ acknowledged, the burden is on the Secretary once it is determined that the claimant cannot return to his past jobs, Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988). The Secretary failed to carry that burden. The case is remanded to the district court with instructions to remand to the Secretary for further proceedings on the Title XVI claim in which the ALJ should consider Moore's ability to perform jobs that exist in significant numbers in the national economy based on an appropriate assessment of Moore's residual functional capacity.
 
 II
 
 9
 None of the evidence before the ALJ directly supported the conclusion that Moore was under a disability that began prior to his twenty-second birthday, as required to obtain disabled child's benefits. 42 U.S.C. Sec. 402(d)(1)(B)(ii). The ALJ found that "[p]rior to attaining age 22, the claimant probably had the same [disorders]," and concluded that since they were not now disabling for purposes of awarding SSI, they were also not disabling prior to age 22.
 
 
 10
 In letters written after the ALJ's decision and submitted by Moore to the Appeals Council, Stipek and Kurlychek stated, in conclusory fashion, that "the onset ... would be well before" Moore's twenty-second birthday. Born in 1957, Moore turned 22 in 1979. However, both Stipek and Kurlychek in their MRFC forms indicated an onset date of mid-1989. The Appeals Council found it unnecessary to decide whether to credit the submitted letters, because it agreed with the ALJ that Moore's current disorder did not amount to disability. Therefore, we remand to the district court with instructions to remand to the Secretary for a determination of whether Moore is entitled to child's insurance benefits under Title II.
 
 
 11
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Although we may consider evidence submitted for the first time to the Appeals Council, Bilby v. Schweiker, 762 F.2d 716, 718 n.2 (9th Cir. 1985), our holding here does not rest in any way on this additional evidence. We reverse because the ALJ failed to give specific and legitimate reasons, based on substantial evidence in the record before him, for rejecting Stipek's evaluation