145 F.3d 1338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.John J. HORTON, Petitioner,v.RAILROAD RETIREMENT BOARD, Respondent.
 No. 96-70755.R.R.B. No. A-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.
 United States Court of Appeals, Ninth Circuit.
 Issued May 7, 1998.Submitted February 3, 1998.**
 
 Appeal from the Railroad Retirement Board, Glen L. Bower, V.M. Speakman, Jr., and Jerome F. Kever, Railroad Retirement Board Members.
 Before BROWNING, SKOPIL and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John Horton, a former railroad employee, suffered a serious back injury on the job and was awarded an occupational disability annuity. The Railroad Retirement Board ("Board"), however, later denied his application for social security disability benefits. He appeals, contending that the Board erred by (1) concluding that he could perform light work; (2) rejecting his allegation of disabling pain; and (3) ruling that he does not suffer from a severe mental impairment. We reject these contentions and we affirm.
 
 DISCUSSION
 1. Light Work
 
 3
 The hearings officer found that Horton retains the capacity to perform a wide range of light work. Horton argues that he does not meet the requirements for light work because he cannot perform jobs that require "a good deal of walking or standing" or jobs that permit sitting but also involve "pushing and pulling of arm and leg controls." The record contains, however, substantial medical and nonmedical evidence supporting the hearing officer's determination. Reports submitted by Dr. Thykeson, Dr. Shannon, and three consulting physicians all support the hearings officer's finding that Horton retained the physical ability to perform light work. Moreover, the hearings officer was entitled to consider the nonmedical evidence provided by Horton's own description at the hearing and in the record of his daily activities and physical capabilities. We conclude that the hearing officer's finding is supported by substantial evidence and, accordingly, will be upheld. See Saellee v. Chater, 94 F.3d 520, 521-22 (9th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 953, 136 L.Ed.2d 840 (1997).
 
 2. Excess Pain
 
 4
 Horton alleges that the hearings officer improperly rejected his claims of excess pain. We have held that once a claimant has produced medical evidence of an underlying impairment reasonably likely to be causing pain, the adjudicator may not discredit the claimant's allegations as to the severity of his pain solely on the ground that the alleged severity is unsupported by objective medical evidence. See Bunnell v. Sullivan, 947 F.2d 341, 346-48 (9th Cir .1991) (en banc). Thus, allegations of excess pain may be discredited only by specific findings, such as: (1) claimant's daily activities involve the performance of physical functions that could be transferred to the workplace; (2) claimant has failed without explanation to seek treatment or follow the prescribed course of treatment; and (3) claimant takes a low level of pain medication. See id. at 346.
 
 
 5
 Such findings were made in this case; the hearings officer made specific findings regarding lack of recent treatment, the slight and declining intake of pain medication, and daily activities that rendered Horton's pain allegation credible only insofar as it was consistent with light work. Horton nevertheless argues that there is no evidence in the record that any of the doctors who examined him believed he was able to return to work. Those doctors, however, concluded that Horton was "unemployable" as opposed to "disabled." The Board need not demonstrate that suitable jobs are actually available to a specific claimant. See Heckler v. Campbell, 461 U.S. 458, 468, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983).
 
 3. Mental Impairment
 
 6
 Horton argues that he presented evidence of mental impairment that the hearings officer and Board improperly rejected. The hearings officer, however, correctly found that Horton's allegations of mental impairment (concentration problems, depression, etc.) were not credible in light of his daily activities, low levels of medication and treatment, and medical records indicating no severe impairment. After that decision and before the Board's review, Horton submitted a psychological evaluation from Dr. Pollack. The Board agreed to consider this new evidence.
 
 
 7
 The Board concluded that Dr. Pollock's report "does not change the result in this case" and, in fact, confirmed that Horton has "superior intelligence and that he is friendly and cooperative." The Board's statements, although arguably sparse, indicate that it clearly considered the new evidence, but rejected it, finding that "[n]o psychological impairment is indicated."
 
 
 8
 Uncontroverted opinions of treating physicians, including an examining psychologist, can be rejected only for clear and convincing reasons. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir.1995). Dr. Pollock's report was not directly controverted, of course, because it was submitted after the evidentiary hearing had been completed. It was contradicted, however, in that Dr. Pollock's ultimate conclusions were at odds with Dr. Karim's analysis, with Horton's own testimony, and with the fact that none of the other, many doctors that examined Horton made any mention of a mental impairment. In such instances, it is the responsibility of the trier of fact to resolve the conflict. The Board did so here, and we cannot say that its resolution is not based on substantial evidence in the record. See id.
 
 
 9
 AFFIRMED.
 
 
 10
 BROWNING, J., concurring in part and dissenting in part.
 
 
 11
 I dissent from the majority's disposition of Horton's claim that he suffers from a severe mental impairment, because the Board improperly rejected uncontested evidence (Dr. Pollock's report) that Horton suffers from a severe mental impairment without providing clear and convincing reasons for doing so as required by the law of this circuit. I concur in all other respects.
 
 
 12
 To be considered "severe", an impairment or combination of impairments need not actually disable the claimant, but need only significantly limit the claimant's physical or mental ability to perform basic work activities. See 20 C.F.R. § 404.1520(c). The hearings officer concluded that Horton's mental impairments are not severe and the Board adopted this determination notwithstanding Dr. Pollock's newly introduced, uncontested expert opinion that Horton has a markedly limited residual mental capacity to perform work activities.
 
 
 13
 Because the record contains uncontested evidence that would support a determination of severe mental impairment, the Board was obligated to provide a clear and compelling rationale for its conclusion that Horton does not suffer from a severe mental impairment. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir.1996); Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir.1995); Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir.1990); Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir.1984); Coats v. Heckler, 733 F.2d 1338, 1340 (9th Cir.1984); Montijo v. Secretary of Health and Human Serv., 729 F.2d 599, 601 (9th Cir.1984); Rhodes v. Schweiker, 660 F.2d 722, 723 (9th Cir.1981). The Board did not do so. The Board only acknowledged Dr. Pollock's conclusion that Horton is an intelligent, friendly and cooperative man who is not malingering. The Board neither acknowledged nor addressed Dr. Pollock's other assessments of Horton's residual mental functional capacity, including his conclusion that Horton suffers from a markedly limited ability to sustain concentration, be punctual, and work without psychological interruptions. The Board's analysis of Dr. Pollock's report was substantially incomplete and inaccurate and stated no clear and convincing reasons for rejecting Dr. Pollock's uncontested expert opinion. The Board's conclusion that Horton does not suffer from a severe mental impairment cannot stand under the law of this circuit.
 
 
 
 **
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3