Terry MURPHY, Plaintiff—Appellant,

v.

Michael J. ASTRUE,* Defendant—Appellee.

No. 05–16462.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 15, 2007.

Filed Aug. 9, 2007.

John A. Gravina, Tucson, AZ, for Plaintiff–Appellant.

Gerald S. Frank, Esq., Office of The U.S. Attorney Evo A. DeConcini U.S. Courthouse, Tucson, AZ, Leo R. Monten-

---

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

egro, Esq., Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: SCHROEDER, Chief Circuit Judge, McKEOWN and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Appellant Terry G. Murphy (Murphy) appeals the district court's decision affirming the final decision of the Social Security Administration which denied Murphy's application for benefits and found that he was not disabled. Murphy contends the administrative law judge (ALJ) did not: (1) give adequate weight to his treating physicians; (2) give substantial weight to his mental health provider; (3) take into account lay testimony; and (4) assess his credibility properly. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm in part, reverse in part, and remand for proceedings consistent with this Memorandum.

▮ The ALJ's decision gave clear reasons supported by substantial evidence for discounting the treating physicians' opinions, including the fact that neither opinion was supported by objective medical evidence. *See Montijo v. Sec'y of Health & Human Serv.*, 729 F.2d 599 (9th Cir.1984) (holding that an ALJ cannot reject uncontroverted opinions of a claimant's physicians without presenting clear and convincing reasons for doing so).

▮ The ALJ did not, however, properly address the evidence presented by Mur-

phy's mental health provider as an other source. *See* 20 C.F.R. § 404.1513(d) (providing that an ALJ may consider evidence from "other caregivers"). The ALJ was required to give specific reasons for rejecting such testimony, but failed to do so. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir.1993) (holding that "[i]f the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness.")

The ALJ also erred by failing to consider the statement submitted by Murphy's roommate. Murphy submitted the statement to the ALJ on July 13, 2001, prior to his hearing before the ALJ and testified about the statement at an administrative hearing. Thus, the statement should have been in the administrative record. If the ALJ wished to reject the statement, he was required to give reasons for doing so. *Id.*

Although the ALJ performed the proper analysis before finding that Murphy lacked credibility, *see Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir.1991), the ALJ was required to consider lay testimony when making the credibility determination. *See* SSR 96–7p. On remand, the ALJ should re-evaluate Murphy's credibility after properly addressing the lay witness testimony.

Accordingly, we AFFIRM in part, REVERSE in part and REMAND to the district court with instructions to remand to the Social Security Administration for further administrative proceedings consistent with this Memorandum. The parties shall bear their own costs on appeal.

▮

** This disposition is not appropriate for publication and is not precedent except as provid-ed by 9th Cir. R. 36–3.