Roy G. LOOZA, Plaintiff–Appellant,

v.

Michael J. ASTRUE, Defendant–
Appellee.

No. 07–56704.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 11, 2009.

Filed March 2, 2009.

Mary Mitchell, Esquire, San Diego, CA,
for Plaintiff–Appellant.

Jaime Luna Preciado, Esquire, Amita
Baman Tracy, Special Assistants U.S., So-
cial Security Administration, San Francis-
co, CA, for Defendant–Appellee.

Before: FRIEDMAN,[*] KLEINFELD, and IKUTA, Circuit Judges.

MEMORANDUM [**]

■ The ALJ discounted Dr. Bhatti's October 20, 2005 "mental residual functional capacity form" on the ground that it was inconsistent with specific portions of Dr. Bhatti's progress notes. The ALJ cited four aspects of the progress notes: Looza's condition was stable with current medications, his mood was described using the phrase "almost no depression," his medications were helping to reduce his symptoms, and he was doing reasonably well. Despite the dissent's contention, the ALJ's interpretation shows he read the treatment notes "in full and in context." *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir.2001). The ALJ's explanations constitute specific and legitimate reasons supported by substantial evidence in the record for discounting the "mental residual functional capacity form" prepared by Dr. Bhatti.[1] *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir.2001). Although the ALJ referenced but did not specifically reject Dr. Bhatti's September 15th letter, the letter was cumulative of the progress notes and the October 20th form.

■ The ALJ gave specific, clear and convincing reasons for his determination that Looza was not credible. Among other reasons, the ALJ observed that Looza was in no "acute distress at the hearing," and that Looza was able to engage in a range of daily activities. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir.2001) (noting the ALJ may rely on his observations as part of an overall credibility determination); *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir.1991) ("[I]f the claimant engages in numerous daily activities involving skills that could be transferred to the workplace, an adjudicator may discredit the claimant's allegations upon making specific findings relating to the claimant's daily activities."). The dissent fails to address these reasons for the ALJ's determination that Looza was not credible. "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir.2005). The ALJ's determination that there was no apparent physical basis for claimant's alleged dizziness is also supported by the record, including the Medical Expert's testimony. Contrary to Looza's argument, Dr. Raisinghani did not diagnose the cause of Looza's dizziness, but opined only that it was orthostatic in nature, that is, the dizziness occurred when Looza stood up.

■ Based on a review of the evidence and given the ALJ's rulings on Dr. Bhatti's "mental residual functional capacity form" and Looza's credibility, the ALJ's determination that Looza retains the ca-

[*] The Honorable Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[1] The dissent identifies weaknesses in the ALJ's reasoning, including that Looza's improvements do not speak to Looza's ability to work. Dissent at 986 (citing *Holohan*, 246 F.3d 1195, 1205 ("That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace.")). But the dissent ignores the actual reason the ALJ rejected Dr. Bhatti's "mental residual functional capacity form," namely, its inconsistency with portions of Dr. Bhatti's progress notes.

pacity for work existing in significant numbers in the national economy was supported by substantial evidence.

**DISMISSED.**

KLEINFELD, J., dissenting:

I respectfully dissent.

Dr. Bhatti's progress notes opine that Looza's mood is "improved" and report Looza's self-assessment of "almost no depression." These snippets are not "specific and legitimate reasons" for rejecting Dr. Bhatti's subsequent opinion that Looza is unable to work because they are not inconsistent with this subsequent opinion. *See Lester v. Chater,* 81 F.3d 821, 830 (9th Cir.1996). There would be an inconsistency meriting disbelief if the progress notes stated that Looza was ready to return to work and another opinion stated that Looza's mental disorders prevented him from working. *See id.* at 833. But Dr. Bhatti's progress notes do not discuss his ability to work, just that he was improving, and we have held in a similar context that comments about a patient's improvement are an insufficient basis for denying such a claim. *See Holohan v. Massanari,* 246 F.3d 1195, 1204–05 (9th Cir.2001); *Lester,* 81 F.3d at 833; *see also Rodriguez v. Bowen,* 876 F.2d 759, 763 (9th Cir.1989); *Rhodes v. Schweiker,* 660 F.2d 722, 723 (9th Cir.1981). It was error for the ALJ not to read comments such as "doing much better with meds" in the context of Looza's diagnosis and history. *See Holohan,* 246 F.3d at 1205. Looza had previously attempted suicide and continues to suffer from severe major depressive disorder and frequent panic attacks. In context, then, Dr. Bhatti's positive remarks support little more than that Looza's mortality risk had declined. "[S]ome improvement does not mean that the person's impairments no longer seriously affect [his] ability to function in the workplace." *Id.*

Nor does the record support the ALJ's rejection of Dr. Bhatti's opinion regarding Looza's ability to work. *See Lester,* 81 F.3d at 830; Soc. Sec. Ruling 96–2p. The examining psychiatrist diagnosed Looza with major depression with psychotic features, a *more severe* type of major depressive disorder than found by Dr. Bhatti. See Am. Psychiatric Ass'n, Diagnostic and Statistical Manual 349, 356, 411 (4th ed.2000). Rather than offering an opinion contrary to the treating psychiatrist, the diagnosis of the agency's examining psychiatrist corroborated it. Given that both psychiatrists who examined Looza agreed on the diagnosis, the ALJ erred by not according weight to the treating psychiatrist's opinion about the implications of that diagnosis. *See Lester,* 81 F.3d at 831–32; 20 C.F.R. § 416.927(d); Soc. Sec. Ruling 96–2p; *see also* Soc. Sec. Ruling 96–5p. Dr. Bhatti saw Looza many more times than the ALJ or examining psychiatrist, prescribed medications, and observed Looza's progress. This treatment relationship made it more likely that Dr. Bhatti would accurately evaluate Looza's ability to work. See 20 C.F.R. § 416.927(d); *Lester,* 81 F.3d at 833. Looza's daily activities (exercise, some babysitting, some laundry, but rarely any driving or shopping) do not undermine a diagnosis of severe major depressive disorder with panic attacks. Because the ALJ should not have discounted Dr. Bhatti's opinion but did, I would reverse.